# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **MARK SMITH** and **TERESITA SMITH**,<br>    Plaintiffs,<br><br>v.<br><br>**CONDADO DUO LA CONCHA SPV, LLC**, *et al.*,<br>    Defendants. | Civil No. 15-1504 (PAD/BJM) |

## REPORT AND RECOMMENDATION

On May 4, 2014, Mark Smith was riding the elevator at La Concha Renaissance San Juan Resort in Condado, Puerto Rico ("Hotel"), when the elevator allegedly jerked upwards, causing him to stumble and hurt his back. Docket No. 85 at 1. Nearly one year later, on April 29, 2015, the Smiths filed a claim for damages against Condado Duo La Concha S.P.V., L.L.C. and Condado Duo Hotel Tower S.P.V., L.L.C. (collectively "La Concha"). Docket No. 1. The Smiths filed an Amended Complaint on June 26, 2015 including Otis Elevator Company ("Otis") as a defendant. Docket No. 16. Otis now moves for summary judgment on the ground that the Smiths' claims against Otis are barred by the one-year statute of limitations. Docket Nos. 77, 89. The Smiths opposed. Docket No. 85.

For the reasons set forth below, the summary judgment motion should be **GRANTED**, and La Concha's crossclaim against Otis should be **DISMISSED**.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the movant shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "genuine" only if it "is one that could be resolved in favor of either party." *Calero-Cerezo* v. *U.S. Dep't of Justice*, 355 F.3d 6, 19 (1st Cir. 2004). A fact is "material" only if it "might affect the outcome of the suit under the governing law." *Anderson* v. *Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party has the initial burden of "informing the district court of the basis for its motion, and identifying those portions" of the record "which it believes

demonstrate the absence" of a genuine dispute of material fact. *Celotex Corp.* v. *Catrett*, 477 U.S. 317, 323 (1986).

The court does not act as trier of fact when reviewing the parties' submissions and so cannot "superimpose [its] own ideas of probability and likelihood (no matter how reasonable those ideas may be) upon" conflicting evidence. *Greenburg* v. *P.R. Mar. Shipping Auth.*, 835 F.2d 932, 936 (1st Cir. 1987). Rather, the court must "view the entire record in the light most hospitable to the party opposing summary judgment, indulging all reasonable inferences in that party's favor." *Griggs-Ryan* v. *Smith*, 904 F.2d 112, 115 (1st Cir. 1990). And the court may not grant summary judgment "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

## BACKGROUND

Except where otherwise noted, the following facts are drawn from the parties' Local Rule 56[1] submissions. Otis filed a statement of uncontested facts, Docket No. 77-2 ("SUF"), and the Smiths filed a statement of material facts in opposition. Docket No. 86 ("OUF"). They are limited to those facts relevant to the matter before the court.

On May 4, 2015, Mark Smith rode Elevator 2 at the Hotel. Docket No. 85 at 1; OUF ¶¶ 11–12. As he was stepping off, Elevator 2 allegedly jerked upwards, causing him to stumble and injure his back. Docket No. 85 at 1. Teresita Smith, his wife, also alleges that she has suffered injuries from the incident in the form of emotional distress and increased household duties. Docket No. 85 at 9.

---

[1] Local Rule 56 is designed to "relieve the district court of any responsibility to ferret through the record to discern whether any material fact is genuinely in dispute." *CMI Capital Market Inv. v. Gonzalez-Toro*, 520 F.3d 58, 62 (1st Cir. 2008). It requires a party moving for summary judgment to accompany its motion with a brief statement of facts, set forth in numbered paragraphs and supported by citations to the record, that the movant contends are uncontested and material. D.P.R. Civ. R. 56(b), (e). The opposing party must admit, deny, or qualify those facts, with record support, paragraph by paragraph. *Id.* 56(c), (e). The opposing party may also present, in a separate section, additional facts, set forth in separate numbered paragraphs. *Id.* 56(c). While the "district court may forgive a party's violation of a local rule," litigants ignore the Local Rule "at their peril." *Mariani-Colón v. Dep't of Homeland Sec. ex rel. Chertoff*, 511 F.3d 216, 219 (1st Cir. 2007).

Throughout his stay at the Hotel, Mark Smith saw various elevators with an "Out of Order sign." OUF ¶¶ 4–5. These signs, which included the Hotel's logo, are placed by the Hotel's engineering department when something goes wrong with an elevator. OUF ¶¶ 6–9. Elevator 2 was manufactured by ThyssenKrupp and does not have a certificate, plaque, or label identifying Otis as the elevator maintenance company. OUF ¶¶ 10-14. During their stay, neither of the Smiths saw Otis servicing the Hotel's elevators. OUF ¶ 15. No one working for the Hotel—security, management, or front desk departments—told the Smiths that Otis maintained the elevators, and the incident report and statement filled out by the Hotel's personnel did not mention Otis. OUF ¶¶ 16–17.

On April 29, 2015, the Smiths sued La Concha for the injuries they incurred from the incident. Docket No. 1. In its answer, La Concha named Otis as the party responsible for maintaining the elevators at the Hotel, including Elevator 2. Docket No. 12 at 4. Five days later, on June 24, 2015, La Concha filed a Third Party Complaint against Otis. Docket No. 14. On June 26, 2015, the Smiths filed an amended complaint adding Otis as a defendant to their claim. Docket No. 18.

During discovery, Otis served the Smiths each with a First Set of Interrogatories. SUF ¶¶ 1–2. In the interrogatories, Otis warned the Smiths that they had a duty to supplement. SUF ¶¶ 5–6. Both of the Smiths signed and submitted their answers to the written interrogatories. SUF ¶¶ 3–4. The first interrogatory asked them each to "[d]escribe any and all efforts taken by You, or by someone at Your behest, to inquire about the identity of the company who provided maintenance or repair services to the elevator described in the Occurrence." SUF ¶¶ 7, 9. The Smiths both objected to the interrogatory as being extremely broad and unduly burdensome and replied, "I don't recall having made such inquiries. At the time of the incident, I was unaware, nor had reason to believe, that another company was responsible for maintaining and/or repairing elevators at La Concha Hotel." SUF ¶¶ 13, 16. In response to the fourth interrogatory, "Describe any attempt by You, prior to the filing of the Complaint (Docket 1), to contact the Hotel La Concha to inquire as to the party who provided maintenance or repair service at the time of the Occurrence," the Smiths

each provided the same objection as before and answered, "I do not recall having performed any such inquiries myself; I was unaware that any other independent company provided maintenance and/or repair services to the elevators at La Concha Hotel." SUF ¶¶ 24, 26, 28.

**DISCUSSION**

Otis contends that the Smiths' claims are time-barred because they were filed more than thirteen months after the statute of limitations clock started ticking. Docket No. 77 at 2. Otis further argues that if the court find that the Smiths' claims are time-barred, the court must dismiss La Concha's cross-claim against Otis as well. Docket No. 77 at 2.

**I.　　Statute of Limitations**

It is uncontested that Puerto Rico's statute of limitations applies to this case as it is a federal diversity action. Docket No. 77 at 6; Docket No. 85 at 5. Puerto Rico law provides that "a cause of action for civil liability will expire and become legally unenforceable one year from the 'time the aggrieved person had knowledge thereof.'" *Alejandro-Ortiz* v. *Puerto Rico Elec. Power Auth. (PREPA)*, 756 F.3d 23, 27 (1st Cir. 2014) (quoting P.R. Laws Ann. tit. 31, § 5298). The "statute of limitations is a substantive and not a procedural matter" under Puerto Rico law, and "a plaintiff will have 'knowledge' of her claim once she has actual knowledge of both the injury and of the identity of the person who caused it." *Alejandro-Ortiz*, 756 F.3d at 27. "If a plaintiff brings an action more than a year after the injury took place, she bears the burden of proving that she lacked the requisite 'knowledge' at the relevant times." *Hodge* v. *Parke Davis & Co.*, 833 F.2d 6, 7 (1st Cir. 1987) (citing *Rivera Encarnación* v. *Estado Libre Asociado de P.R.*, 13 P.R. Offic. Trans. 498, 501–02 (1982)).

The concept of *knowledge* may be deconstructed "into three components." *See Alejandro-Ortiz*, 756 F.3d at 27. "First, actual knowledge occurs when a plaintiff is 'aware of all the necessary facts and the existence of a likelihood of a legal cause of action'"—a situation that occurs when "the plaintiff ha[s] knowledge of the injury and of the identity of the author of the injury." *See id.*

Second, the plaintiff may be saddled with "deemed knowledge"—"an objective inquiry where the plaintiff, while not having actual knowledge, is deemed to be on notice of her cause of

action if she is aware of certain facts that, with the exercise of due diligence, should lead her to acquire actual knowledge of her cause of action." *Id.* This "is essentially parlance for the discovery rule, which stands for the proposition that [t]he one-year [statute of limitations] does not begin to run until the plaintiff possesses, or with due diligence would possess, information sufficient to permit suit." *Id.* (internal quotations omitted).

Moreover, under Puerto Rico law, "if the plaintiff's lack of awareness is due to its own negligence or carelessness, then the prescriptive period will begin to run on the date the alleged tort occurred." *Barretto Peat, Inc.* v. *Luis Ayala Colon Sucrs., Inc.*, 896 F.2d 656, 658 (1st Cir. 1990); *see also Hodge*, 833 F.2d at 8 ("if ignorance [of a fact reflects the plaintiff's] negligence . . . it would not be logical to reserve his rights, or to postpone the starting point of the statute of limitations"); *Vera* v. *Dr. Bravo*, 161 D.P.R. 308, 2004 WL 540534 (Feb. 27, 2004) ("liberal considerations on the limitation of actions are not applicable" when delay is "caused by" plaintiff's "lack of diligence"); *Vega v. J. Perez & Cia., Inc.*, 135 D.P.R. 746, 1994 WL 909638 (P.R. Apr. 11, 1994) (same).

The third component concerns "an exception to the applicability of both modalities of the 'knowledge' requirement" that is proper when the "tortfeasor, by way of assurances and representations, persuades the plaintiff to refrain from filing suit, or otherwise conceals from the plaintiff the facts necessary for her to acquire knowledge." *Alejandro-Ortiz*, 756 F.3d at 27. The "statute of limitations will be tolled" in such circumstances, *id.*, because "a plaintiff will not be held responsible for failing to pursue her claim more aggressively" when the tortfeasor is essentially responsible for the plaintiff's lack of knowledge. *Rodriguez-Suris* v. *Montesinos*, 123 F.3d 10, 16 (1st Cir. 1997).

In this case, Mark Smith's injury occurred on May 4, 2015. Smith alleges that he immediately felt "a tremendously sharp pain" and was treated the same day by family friends who are physicians. Docket No. 18 at 4–5. As Mark Smith recognizes, his claim began to accrue on May 4, 2015. Docket No. 85 at 8; *see Arocho v. Kellner's Fireworks, Inc.*, No. 14-CIV-1556 *2

(JAF), 2015 WL 162974 (D.P.R. Jan. 13, 2015) (finding that the plaintiffs knew of their injury on the day of the accident as they "sought medical treatment for their injuries that night").

Teresita Smith seeks damages based on her emotional and mental distress from watching her husband be in pain and for having to do more around the house. Docket No. 18 at 7. She suggests in her opposition that her injuries began to accrue later than May 4, 2015 because "her damages stemmed from watching her husband suffer for a prolonged period of time." However, it is well-settled that when a person's alleged injuries are emotional distress stemming from her relative's injury or death, then the person's claim begins to accrue on the same day as the primary injury. *See Gonzalez Figueroa v. J.C. Penney Puerto Rico, Inc.*, 568 F.3d 313, 318–19 (1st Cir. 2009) (the statute of limitations for relatives who alleged "emotional distress and consequential damages" as a result of their relative's discriminatory demotion began to run on the day of the demotion because they learned of the discrimination "at around the time" it occurred); *Montalvo v. Gonzalez-Amparo*, 587 F.3d 43, 47 (1st Cir. 2009) (daughter's claim for "serious mental anguish and moral pain as a result of the death of her mother" began to accrue on the day her mother died (internal quotations omitted)).

Although the plaintiffs in *Gonzalez* likely continued to experience the consequences of their relative's demotion after it occurred, and the plaintiff in *Montalvo* likely suffered mental anguish after the date of her mother's death, the court has held that the statute of limitations does not begin in the middle or at the end of a person's emotional distress but rather at the time of its catalyst. *See id*. Accordingly, Teresita Smith also became aware of her injuries on May 4, 2015.

When the Smiths filed their claims against Otis in June 2015, over thirteen months had passed since the date of their injuries; therefore, the Smiths bear "the burden of proving that [they] lacked the requisite 'knowledge' at the relevant times." *Hodge*, 833 F.2d at 7. The parties quarrel over the point at which the Smiths had sufficient deemed knowledge of who was responsible for their harm. The Smiths argue that despite their due diligence, they did not know that Otis was responsible for their injuries until La Concha identified Otis as their elevator maintenance company in their answer filed in June 2015. Docket No. 85 at 9. Otis argues that the Smiths did

not exercise due diligence in trying to discover the identity of the persons responsible for their injuries and as such are not entitled to rely on the discovery rule. Docket No. 77 at 2.

The case law is clear that the Smiths must have taken an active role in their investigation in order to rely on the discovery rule: a plaintiff generally "cannot rest on ignorance caused by his own lack of diligence as a justification for his failure to comply with the prescriptive period." *See Aldahonda-Rivera* v. *Parke Davis & Co.*, 882 F.2d 590, 593 (1st Cir. 1989).

During discovery, Otis provided the Smiths with a written interrogatory asking them to "[d]escribe any and all efforts taken by You, or by someone at Your behest, to inquire about the identity of the company who provided maintenance or repair services to the elevator described in the Occurrence." SUF ¶¶ 1–2, 7, 9. In their responses, the Smiths both objected to the interrogatory and replied, "I don't recall having made such inquiries." The Smiths also admitted that they did not contact the Hotel to ask about who maintains the elevators. SUF ¶¶ 24, 26, 28.

Instead, the Smiths state that they exercised due diligence because no one volunteered to them that La Concha uses an elevator maintenance company. Specifically, when the incident occurred, no one told them that Otis was the maintenance provider, the "incident report and statement that were filled out by the Hotel's personnel" did not mention Otis, and the Smiths never "saw any [Otis] personnel providing services to the elevators" at the Hotel. OUF ¶¶ 15–17. Furthermore, the elevator in question was not manufactured by Otis nor did it have a sign identifying Otis as the elevator maintenance company. OUF ¶¶ 10–14. Be that as it may, the Smiths have not put forward any evidence that they made any "reasonable, *active* efforts to seek answers." *Velazquez v. Schindler Corp. of Puerto Rico*, 968 F. Supp. 2d 475, 478 (D.P.R. 2013) (emphasis added) (quoting *Quintana Lopez v. Liggett Group, Inc.*, 336 F. Supp. 2d 153, 157 (D.P.R. 2004)).

The Smiths rely on *Velazquez* for the proposition that they exercised due diligence and "did not sit on [their] rights" because they sued the Hotel, "the party [they] thought was responsible for maintaining the [elevator]," within the one-year statute of limitations. Docket No. 85 at 6–7 (quoting *Velazquez*, 968 F. Supp. at 478). In *Velazquez*, the court found that the plaintiff exercised due diligence by filing suit against the original defendants, American Airlines and American Eagle

("American"), and then suing the third defendant when she realized, through the discovery process, that there was another party responsible for maintaining the escalator where she had been injured. Although on its face this case seems very similar to the one at hand, there is a critical difference: in *Velazquez*, the plaintiff asked the Puerto Rico Port Authority who controlled the escalator, and was advised that it was under American's exclusive control. Docket No. 89–2 (Amended Complaint at ¶ 9, *Velazquez v. American Airlines*, Civ. No. 1:10-cv-0090-WAL (No. 2010-90) (D.V.I. Sep. 19, 2011). But here, there is no evidence, first, that plaintiffs asked *anyone* who maintained the elevator, and, second, that a government office misadvised them.

Case law dictates that the statute of limitations will be tolled if the tortfeasor misleads the plaintiff as to who is responsible for the plaintiff's injuries. *See Quinones-Torres v. Radiation Oncology Grp., PSC*, No. CIV. 13-1673 BJM, 2015 WL 1968774, at *6 (D.P.R. May 1, 2015) ("The statute of limitations can also be tolled 'if a plaintiff's suspicions that she may have been the victim of a tort are assuaged by the person who caused the injury.'" (quoting *Santos-Espada v. Cancel-Lugo*, 312 F.3d 1, 4 (1st Cir. 2002))); *Velazquez*, 968 F. Supp. at 478 (citing *Bocanegra-Acevedo v. Toyota Motor Sales USA, Inc.*, No. CIV. 07-1893 (JP), 2009 WL 1098084, at *1 (D.P.R. Apr. 23, 2009)). However, the Smiths never asked the Hotel if they performed their own maintenance, so La Concha, as the tortfeasor, never had an opportunity to mislead them. SUF ¶¶ 24, 26, 28. Instead, the Smiths point to the fact that the out-of-order signs on the elevators had the Hotel's logo and were placed there by the Hotel's Engineering Department. OUF ¶¶ 5–9. Making assumptions based on the logo on an out-of-order sign, however, is a far cry from La Concha trying to mislead the Smiths, and the Smiths have not submitted any evidence of such misrepresentation.

"Determining the date on which a diligent plaintiff would have learned enough to allow her to file suit presents a question of fact that may be submitted to the jury in an appropriate case"––even when no "raw facts are in dispute." *See Rivera-Carrasquillo* v. *Centro Ecuestre Madrigal, Inc.*, 812 F.3d 213, 216 (1st Cir. 2016). Yet, in certain cases, the court may "determin[e] that the evidence of record is so one-sided as to compel a finding . . . that the plaintiff was aware of enough facts to constitute notice and to satisfy the deemed knowledge rule of the Puerto Rico law of

limitation of tort actions." *Rodriguez-Suris*, 123 F.3d at 14–15. Here, the Smiths were aware that Elevator 2 allegedly malfunctioned, and that other elevators were donned with out-of-order signs. Those facts put them on notice that a maintenance issue may have been behind the malfunction, which in turn triggered the duty to investigate who maintained the elevator. But the Smiths have admitted in written interrogatories that they made no inquiries into who was responsible for maintaining the elevator in question, and have provided no evidence of their due diligence.

Because the Smiths filed their claims against Otis over one year after their claims began to accrue, and because the Smiths (due to their carelessness and lack of diligence) failed to investigate who maintained the elevator in question, the Smiths have failed meet their burden in showing that the claims against Otis were timely filed. Therefore, Otis's motion for summary judgment against the Smiths should be **GRANTED**.

## II.     Dismissal of Cross-Claim

Puerto Rico law dictates that "a sued joint tortfeasor cannot bring to the suit, through a third party complaint, an alleged joint tortfeasor whom the injured's cause of action had prescribed." *Maldonado Rivera v. Suárez*, 2016 TSPR 57, 29 [certified translation at Docket No. 77-1]. A third party against whom the injured party's claim is time-barred "is not subject to respond . . . through a contributory action, to the sued joint tortfeasor." *Id*. Here, the court should find that the Smiths' claims against Otis are time-barred. Consequently, La Concha's third-party complaint against Otis based on the Smiths' claims should also be dismissed. Docket No. 14.

## CONCLUSION

For the foregoing reasons, the motion for summary judgment against the Smiths should be **GRANTED**, and La Concha's third-party complaint against Otis should be **DISMISSED.**

This report and recommendation is filed pursuant to 28 U.S.C. 636(b)(1) and Rule 72(d) of the Local Rules of this Court. Any objections to the same must be specific and must be filed with the Clerk of Court **within fourteen days** of its receipt. Failure to file timely and specific objections to the report and recommendation is a waiver of the right to appellate review. *See Thomas* v. *Arn*, 474 U.S. 140, 155 (1985); *Davet* v. *Maccorone*, 973 F.2d 22, 30–31 (1st Cir. 1992);

*Paterson-Leitch Co.* v. *Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 991 (1st Cir. 1988); *Borden* v. *Sec'y of Health & Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987).

**IT IS SO RECOMMENDED.**

In San Juan, Puerto Rico, this 24th day of August, 2017.

*S/ Bruce J. McGiverin*
BRUCE J. MCGIVERIN
United States Magistrate Judge