### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **MARK SMITH** and **TERESITA SMITH**,<br>    Plaintiffs,<br><br>    v.<br><br>**CONDADO DUO LA CONCHA SPV, LLC**,<br>*et al.*,<br>    Defendants. | Civil No. 15–1504 (PAD/BJM) |

### REPORT AND RECOMMENDATION

On May 4, 2014, Mark Smith was riding the elevator at La Concha Renaissance San Juan Resort in Condado, Puerto Rico ("Hotel"), when the elevator allegedly jerked upwards, causing him to stumble and hurt his back. Docket No. 85 at 1. The Smiths filed a claim for damages against Condado Duo La Concha S.P.V., L.L.C. and Condado Duo Hotel Tower S.P.V., L.L.C. (collectively "La Concha"), alleging violation of Article 1802 of the Puerto Rico Civil Code ("Article 1802"), P.R. Laws Ann. tit. 31, § 5141. Docket No. 18. La Concha now moves for summary judgment on the ground that the Smiths have failed to establish La Concha's liability for the incident. Docket Nos. 81, 97. The Smiths opposed. Docket Nos. 91, 104.

For the reasons set forth below, the summary judgment motion should be **GRANTED**.

### SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the movant shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "genuine" only if it "is one that could be resolved in favor of either party." *Calero-Cerezo* v. *U.S. Dep't of Justice*, 355 F.3d 6, 19 (1st Cir. 2004). A fact is "material" only if it "might affect the outcome of the suit under the governing law." *Anderson* v. *Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party has the initial burden of "informing the district court of the basis for its motion, and identifying those portions" of the record "which it believes demonstrate the absence" of a genuine dispute of material fact. *Celotex Corp.* v. *Catrett*, 477 U.S. 317, 323 (1986). Once that bar is cleared, "the burden shifts to the summary judgment target to

demonstrate that a trialworthy issue exists," *Plumley v. S. Container, Inc.*, 303 F.3d 364, 368 (1st Cir. 2002), by "affirmatively point[ing] to specific facts" in the record revealing the presence of a meaningful dispute, *McCarthy v. Nw. Airlines, Inc.*, 56 F.3d 313, 315 (1st Cir. 1995).

The court does not act as trier of fact when reviewing the parties' submissions and so cannot "superimpose [its] own ideas of probability and likelihood (no matter how reasonable those ideas may be) upon" conflicting evidence. *Greenburg* v. *P.R. Mar. Shipping Auth.*, 835 F.2d 932, 936 (1st Cir. 1987). Rather, the court must "view the entire record in the light most hospitable to the party opposing summary judgment, indulging all reasonable inferences in that party's favor." *Griggs-Ryan* v. *Smith*, 904 F.2d 112, 115 (1st Cir. 1990). And the court may not grant summary judgment "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

## BACKGROUND[1]

Broadly speaking, the Smiths claim that La Concha's negligent maintenance of the elevator at the Hotel led to the Smiths' injuries, and they therefore oppose summary judgment. Docket Nos. 91, 104. An opposition to summary judgment must be defended with admissible evidence. *Gomez-Gonzalez v. Rural Opportunities, Inc.*, 626 F.3d 654, 662 (1st Cir. 2010) ("In opposing a motion for summary judgment, a plaintiff must proffer admissible evidence that could be accepted by a rational trier of fact as sufficient to establish the necessary proposition." (internal quotations omitted)). La Concha attacks the admissibility of the Smiths' evidence: it argues that the medical

---

[1] Except where otherwise noted, the following facts are drawn from the parties' Local Rule 56 submissions: La Concha's Statement of Uncontested Facts ("SUF"), Docket No. 81-1; the Smiths' Opposing Statement of Facts ("OUF"), Docket No. 92; and La Concha's reply to the Smiths' SUF ("RSUF"), Docket No. 97-1. Local Rule 56 is designed to "relieve the district court of any responsibility to ferret through the record to discern whether any material fact is genuinely in dispute." *CMI Capital Market Inv. v. Gonzalez-Toro*, 520 F.3d 58, 62 (1st Cir. 2008). It requires a party moving for summary judgment to accompany its motion with a brief statement of facts, set forth in numbered paragraphs and supported by citations to the record, that the movant contends are uncontested and material. D.P.R. Civ. R. 56(b), (e). The opposing party must admit, deny, or qualify those facts, with record support, paragraph by paragraph. *Id.* 56(c), (e). The opposing party may also present, in a separate section, additional facts, set forth in separate numbered paragraphs. *Id.* 56(c). While the "district court may forgive a party's violation of a local rule," litigants ignore the Local Rule "at their peril." *Mariani-Colón v. Dep't of Homeland Sec. ex rel. Chertoff*, 511 F.3d 216, 219 (1st Cir. 2007).

records and business records are hearsay, and that both sets of records, as well as the Incident & Loss Report, Statement by Hotel Security Officer John Maldonado, and TripAdvisor review (collectively "Exhibits"), are unauthenticated. Docket No. 97–1; *see* Docket No. 92-4, 5, 6, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 23.

Hearsay is an out-of-court statement offered into evidence for the truth of the matter asserted and is inadmissible unless an exception or exclusion applies. Fed. R. Evid. 801, 802. As the Smiths point out, both medical records and business records are admissible under the well-established hearsay exceptions of Fed. R. Evid. 803(4) and 803(6). As such, La Concha's arguments regarding hearsay are unpersuasive.

However, as La Concha asserts, the Smiths did not authenticate the Exhibits, which they rely on as supporting evidence to their Statement of Additional Material Facts. "It is well settled that '[d]ocuments supporting or opposing summary judgment must be properly authenticated.'" *Lezcano-Bonilla v. Matos-Rodriguez*, No. 07–1453, 2010 WL 3372514, at *3 n.1 (D.P.R. Aug. 24, 2010) (quoting *Carmona v. Toledo*, 215 F.3d 124, 131 (1st Cir. 2000)). Proper authentication requires that the evidence "be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e)." *Carmona*, 215 F.3d at 131 (citing *Orsi v. Kirkwood*, 999 F.2d 86, 92 (4th Cir.1993)). Furthermore, although the Smiths submitted deposition transcripts, the transcripts did not identify or authenticate any of the Exhibits. *See Lezcano-Bonilla*, No. 07–1453, at *3 n.1 (accepting documents authenticated by deposition statements). If a party fails to authenticate a document, then the court may not consider it on a motion for summary judgment. *Id.* (quoting *Robinson v. Bodoff,* 355 F. Supp. 2d 578, 582 (D. Mass. 2005)). Here, the Smiths did not authenticate the Exhibits even after La Concha raised the issue in its reply to the Smiths' opposition brief. Docket No. 97–1; *see Gomez-Gonzalez*, 626 F.3d at 662 (refusing to consider unauthenticated evidence particularly when the proffering party did not "make any effort, after the issue of authentication . . . had been raised by [the opposing party], to provide the district court with proof of authenticity"). Consequently, the Exhibits are inadmissible and will not be

considered as part of this motion for summary judgment. The following facts are limited to those that are admissible and relevant to the matter before the court.

On Monday, May 4, 2015, Mark Smith rode Elevator #2 at the Hotel. Docket No. 18 at 4; OUF ¶ 6. As he was stepping off, Elevator #2 allegedly jerked upwards, causing him to stumble and injure his back. OUF ¶¶ 18–20. During the weekend prior, Mr. Smith saw elevators in the front lobby, including Elevator #2, with "Out of Order" signs. OUF ¶¶ 23, 25. These were up at various times during the weekend. OUF ¶ 24. When an elevator had a problem, La Concha put up an Out of Order sign and called the elevator maintenance company. OUF ¶¶ 26–27; RSUF ¶ 27. La Concha kept the elevator out of operation until the maintenance company's technician determined that it was working. RSUF ¶ 27. The elevator maintenance company's representative stated that Elevator #2 had a higher number of yearly service calls than the industry average. OUF ¶ 32.

## DISCUSSION

La Concha seeks summary judgment on the basis that the Smiths cannot prove their negligence claim against La Concha.[2] Article 1802 of the Puerto Rico Civil Code states that "[a] person who by an act or omission causes damages to another through fault or negligence shall be obliged to repair the damage done." P.R. Laws Ann. tit. 31, § 5141. Under Puerto Rico law, the elements of negligence are (1) an injury, (2) a breach of duty, and (3) proximate causation. *Vásquez-Filippetti v. Banco Popular de P.R.*, 504 F.3d 43, 49 (1st Cir. 2007). The breach-of-duty element requires showing the existence of a duty and its breach; in most negligence cases, a defendant's duty "is defined by the general rule that one must act as would a prudent and reasonable person under the circumstances." *Id.* (citing *Ortiz v. Levitt & Sons of P.R., Inc.,* 1 P.R. Offic. Trans. 407, 101 D.P.R. 290 (1973)). Accordingly, "a defendant only breaches his duty if he acted (or failed to act) in a way that a reasonably prudent person would foresee as creating undue risk." *Id.* (internal quotation marks omitted). "As is true in most jurisdictions, foreseeability is a central issue in these

---

[2] La Concha initially sought to exclude the testimony of the Smiths' expert, Dr. Stephen Carr. Docket No. 81 at 17. However, because the Smiths subsequently withdrew Dr. Carr as their expert, the court will not address La Concha's arguments on the matter. Docket No. 91 at 2.

cases, as it is an element of both breach of duty and proximate cause." *Marquez v. Casa de Espana de Puerto Rico*, 59 F. Supp. 3d 409, 413 (D.P.R. 2014) (quoting *Vazquez-Filippetti*, 504 F. 3d at 49).

"When it comes to business establishments, the general rule is that . . . the business owner has a duty to keep said establishment in a safe condition so that the clients do not suffer harm or damage." *Torres v. KMart Corp.*, 233 F. Supp. 2d 273, 278 (D.P.R. 2002). A business owner is only liable, though, for "risky conditions inside the business premises that the owner knew or should have known existed. In other words, a plaintiff must prove that the defendant had actual or constructive knowledge of the dangerous condition that most likely than not caused the damage." *Id*. This rule is applicable when the dangerous condition was the result of the owner's failure to properly maintain the property such as "a wet or slippery floor, . . . stairway railings in disrepair, burned-out exterior or security lights in a dangerous area, and unsturdy or unstable floors." *Vazquez-Filippetti*, 504 F. 3d at 50. To show constructive knowledge, "a plaintiff must prove either the existence of the dangerous condition for an unreasonable or excessive length of time or, in the absence of evidence regarding time, the owner's insufficient prevention policy or failure to implement the policy." *Pereyra-Carrasco v. United States*, No. CIV. 14-1225 CVR, 2015 WL 6133024, at *7 (D.P.R. Oct. 14, 2015) (quoting *Carlo-Blanco v. Inmobiliaria Comercial, Inc.,* No. 12–1978, 2014 WL 4805101, at *3 (D.P.R. Sept. 26, 2014)).

Alternatively, if the plaintiff argues that the risky condition was in fact a purposeful design choice by the business owner rather than a negligent failure to maintain otherwise safe conditions, the plaintiff "must present evidence as to the specific duty or standard of care applicable to the design of the product or property at issue." When a plaintiff is alleging that the "property was unsafe from its very conception," the plaintiff will usually need to present expert testimony regarding the proper standard of design. *Marquez*, 59 F. Supp. 3d at 414–15 (citing *Vázquez–Filippetti,* 504 F.3d at 51; *Claybaugh v. Condado Plaza Hotel and Casino,* No. 08–1667, 2010 WL 2998853 at *5 (D.P.R. July 26, 2010)).

Here, the Smiths are not arguing that the Hotel's elevators had a design flaw, that they were poorly placed, or that the Hotel intended for the elevator to jerk upward. Docket No. 91 at 6. Instead, the Smiths have put forward a premises liability claim, arguing that La Concha was negligent in the maintenance of Elevator #2. Docket No. 91 at 8–9. This is comparable to the disrepaired stairway railing suggested in *Vazquez-Filippetti*. 504 F. 3d at 50. Therefore, the Smiths must show that La Concha knew or should have known that Elevator #2 was dangerous and could cause injuries such as those that the Smiths allegedly experienced.

Given the evidence on record, the Smiths have not met their burden of proof to show that La Concha had constructive knowledge of the dangerous condition created by the elevator. They rely on Mr. Smith's statements that he recalled seeing an "Out of Order" sign on each of the three elevators in the main lobby of the Hotel (although not at the same time) OUF ¶¶ 23–25. However, the mere fact that the elevator had been taken out of service at some point during the weekend prior to the incident does not establish that La Concha should have known that the elevator was dangerous. The Smiths offered no evidence that La Concha had an unreasonable prevention policy or that La Concha failed to implement it. Anytime there was a problem with the elevator, La Concha took the elevator out of service and then called the elevator maintenance company. RSUF ¶ 27. La Concha kept the elevator out of operation until the maintenance company's technician determined that it was working. RSUF ¶ 27. The Smiths have not shown that this is an unreasonable approach. Alternatively, the Smiths also did not show that the elevator had been in a hazardous condition "for an unreasonable or excessive length of time." *Pereyra-Carrasco*, 2015 WL 6133024, at *7 (citations omitted). The Smiths presented evidence that the elevator was out of service at some point during the three days before the incident. OUF ¶¶ 23–26. A single occurrence of elevator maintenance does not adequately prove that the elevator had been dangerous for an excessive length of time.

The Smiths have also failed to show that La Concha had actual knowledge of the elevator's dangerous condition. They rely on the elevator maintenance company's statement that Elevator #2 was the source of a higher number of yearly service calls than the industry average. OUF ¶ 32.

However, although the maintenance company stated that Elevator #2 needed more service calls than the industry standard, the Smiths did not show how that would put La Concha on notice that Elevator #2 was a hazard. Without evidence that Otis conveyed this information to La Concha or that La Concha should have otherwise known of the industry standard for number of yearly service calls, this fact does not prove La Concha's actual knowledge of the alleged danger.

As La Concha had no actual or constructive knowledge of Elevator #2's dangerous condition, the Smiths cannot establish that La Concha breached its duty of care as a business establishment.

## CONCLUSION

For the foregoing reasons, the motion for summary judgment against the Smiths should be **GRANTED**.

This report and recommendation is filed pursuant to 28 U.S.C. 636(b)(1) and Rule 72(d) of the Local Rules of this Court. Any objections to the same must be specific and must be filed with the Clerk of Court **by September 25, 2017**. Failure to file timely and specific objections to the report and recommendation is a waiver of the right to appellate review. *See Thomas* v. *Arn*, 474 U.S. 140, 155 (1985); *Davet* v. *Maccorone*, 973 F.2d 22, 30–31 (1st Cir. 1992); *Paterson-Leitch Co.* v. *Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 991 (1st Cir. 1988); *Borden* v. *Sec'y of Health & Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987).

**IT IS SO RECOMMENDED.**

In San Juan, Puerto Rico, this 14th day of September, 2017.

*S/ Bruce J. McGiverin*
BRUCE J. MCGIVERIN
United States Magistrate Judge