# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

MARK SMITH, et al.

    Plaintiffs,

v.

CONDADO DUO LA CONCHA SPV, LLC, et al.

    Defendants.

CIVIL NO. 15-1504 (PAD)

## MEMORANDUM AND ORDER

Delgado-Hernández, District Judge.

    Before the court is Otis' Elevator Company's motion for summary judgment (Docket No. 77), which plaintiffs opposed (Docket No. 85). The motion was referred to U.S. Magistrate Bruce J. McGiverin, who issued a Report and Recommendation ("R&R") (Docket No. 116) recommending that the motion be granted and the case against Otis dismissed. Id. Plaintiffs objected to the R&R (Docket No. 117), and Otis responded to plaintiffs' objections (Docket No. 118). For the reasons explained below, the R&R is ADOPTED *IN TOTO*.

### I.     REFERRAL

    A district court may refer a pending motion to a magistrate judge for a report and recommendation. See 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b); Loc. Civ. Rule 72. Any party adversely affected by the report and recommendation may file written objections within fourteen days of being served with the magistrate judge's report. Loc. Civ. Rule 72(d). See 28 U.S.C. § 636(b)(1). A party that files a timely objection is entitled to a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made." Ramos-Echevarria v. Pichis, Inc., 698 F.Supp.2d 262, 264 (D.P.R. 2010);

Sylva v. Culebra Dive Shop, 389 F.Supp.2d 189, 191-92 (D.P.R. 2005) (citing United States v. Raddatz, 447 U.S. 667, 673 (1980)).

## II.     DISCUSSION

The core issue here is whether the claims against Otis are time barred. On May 4, 2014, Mark Smith rode Elevator 2 at Renaissance San Juan Resort in Condado, Puerto Rico. As he was stepping off, the elevator allegedly jerked upwards, causing him to stumble and injure his back. On April 29, 2015, Mr. Smith and his wife sued Condado Duo La Concha S.P.V., LLC and Condado Duo Hotel Tower S.P.V. LLC. (collectively "La Concha") seeking recovery of damages under Puerto Rico's negligence statute, P.R. Laws Ann. tit. 31 § 5141 (Docket No. 1). On June 19, 2015, La Concha answered the Complaint naming Otis as the party responsible for maintaining the elevators at the Hotel, including Elevator 2 (Docket No. 12 at p. 4), and on June 24, 2015, filed a Third Party Complaint against Otis (Docket No. 14). On June 26, 2015, plaintiffs requested – and the court granted – leave to amend the Complaint to include Otis as a defendant (Docket Nos. 16 and 17). The same day, the Complaint was so amended (Docket No. 18). La Concha then filed a Crossclaim against Otis (Docket No. 38), which following discovery, moved for summary judgment on timeliness grounds (Docket No. 77).

The Magistrate Judge recommended that the claims against Otis be dismissed. He reasoned that the applicable one-year limitations period stated running on May 4, 2014, but that the Amended Complaint adding Otis as a defendant was filed more than one year later, on June 26, 2015 (Docket No. 116 at pp. 5-9). Given that plaintiffs failed to meet their burden of showing that they exercised due diligence in trying to discover the identity of the person who provided maintenance to the elevator prior to expiration of the limitations period, he concluded that the claims against Otis are time-barred. Id.

Plaintiffs contend the Magistrate Judge's conclusions are incorrect, because the R&R would require them, two tourists in Puerto Rico for a brief time, to "divine" (i) whether the malfunction of the hotel elevators were due to maintenance; (ii) that the hotel contracted out the maintenance service; (iii) what company provided said service; and (iv) that this "unknowable" company may have done something wrong in the maintenance of the elevator (Docket No. 117 at pp. 2-3). As such, they point out they did not know that Otis was responsible for their injuries until La Concha identified Otis as their elevator maintenance company when it answered the Complaint in June 2015. Id.[1] But nothing in plaintiffs' objections shows that the analysis of the Magistrate Judge was incorrect.

Plaintiffs were aware that Elevator 2 malfunctioned. As noted in the R&R, however, when asked to describe their efforts to inquire about this matter, they admitted they made no inquiries into who was responsible for maintaining or repairing the elevator (Docket No. 116, at pp. 9-10).[2] See, Baretto Peat, Inc. v. Luis Ayala Colón Sucrs., Inc., 896 F.2d 656, 658 (1st Cir. 1990)(when the plaintiff's lack of awareness is due to its own negligence or carelessness, the prescriptive period will begin to run on the date the alleged tort occurred). The required degree of diligence did not put an unduly heavy burden on plaintiffs, and there is no evidence that La Concha mislead them. See, Velilla v. Pueblo Supermarkets, Inc., 111 P.R. Offic. Trans. 732, 736 (1981)(defendant who mislead plaintiff into believing defendant was represented by insurance adjuster could not later

---

[1] To this end, they state they acted within the reasonable confines of their knowledge considering that: (i) the elevator at issue did not have a certificate, plaque or label identifying Otis as the elevator maintenance company; (ii) during their stay, they did not see Otis servicing the elevators; (iii) no one working for the hotel-security, management, front desk, etc. told them that Otis maintained the elevators – not even in the incident report prepared by the hotel; and (iv) that expecting them to perform such an inquiry before filing a complaint is, so viewed, unreasonable (Docket No. 117 at pp. 2-5).

[2] During discovery Otis served upon plaintiffs a written interrogatory asking them to describe any and all efforts taken by them, or by someone on their behalf, to inquire about the identity of the company who provided maintenance or repair services to the elevator at issue. Plaintiffs objected the question and *admitted* they did not make any inquiry as to that fact nor contact the hotel to ask about the maintenance issue.

assert the statute of limitations defense). In these circumstances, the claims against Otis were not timely filed and must be dismissed.

### III.  CONCLUSION

Having made an independent, *de novo*, examination of the entire record, the Magistrate Judge's findings are well supported in the record and the law. For the same reason, the court ADOPTS *in toto* the R&R, and, accordingly, GRANTS Otis's Motion for Summary Judgment. Plaintiffs' and La Concha's claims against Otis are hereby dismissed.

**SO ORDERED.**

In San Juan, Puerto Rico, this 15th day of September, 2017.

s/Pedro A. Delgado-Hernández
PEDRO A. DELGADO-HERNÁNDEZ
United States District Judge