# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MARK SMITH, <u>et al.</u> <br><br> **Plaintiffs,** <br><br> v. <br><br> CONDADO DUO LA CONCHA SPV, LLC, <u>et al.</u>, <br><br> **Defendants.** | CIVIL NO. 15-1504 (PAD) |

## MEMORANDUM AND ORDER

Delgado-Hernández, District Judge.

This is a damages action against Condado Duo La Concha SPV, LLC and Condado Duo La Concha Hotel Tower SPV, LLC (collectively "La Concha") under Article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31 § 5141. Before the court is La Concha's motion for summary judgment (Docket No. 81), which plaintiffs opposed (Docket No. 91). La Concha replied (Docket No. 97) and plaintiffs surreplied (Docket No. 104). The motion was referred to U.S. Magistrate Judge Bruce J. McGiverin, who issued a Report and Recommendation ("R&R") (Docket No. 119) recommending that the motion be granted and the case against La Concha dismissed. <u>Id.</u> Plaintiffs objected to the R&R (Docket No. 129). La Concha responded to plaintiffs' objections (Docket No. 133). For the reasons explained below, the R&R is ADOPTED *IN TOTO* and the case DISMISSED.

## I.  REFERRAL

A district court may refer a pending motion to a magistrate judge for a report and recommendation. <u>See</u> 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b); Loc. Civ. Rule 72. Any party adversely affected by the report and recommendation may file written objections within

fourteen days of being served with the magistrate judge's report. Loc. Civ. Rule 72(d). See 28 U.S.C. § 636(b)(1). A party that files a timely objection is entitled to a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made." Ramos-Echevarria v. Pichis, Inc., 698 F.Supp.2d 262, 264 (D.P.R. 2010); Sylva v. Culebra Dive Shop, 389 F.Supp.2d 189, 191-92 (D.P.R. 2005) (citing United States v. Raddatz, 447 U.S. 667, 673 (1980)).

## II. DISCUSSION

### a. The Report and Recommendation.

On May 4, 2014, Mr. Mark Smith rode Elevator 2 at the Renaissance San Juan Resort in Condado, Puerto Rico. As he was stepping off, the elevator allegedly jerked upwards, causing him to stumble and injure his back. He and his wife sued La Concha and Otis – the elevator maintenance company – for recovery of damages.[1] The claims against Otis were dismissed (Docket No. 120), and on October 17, 2016, La Concha moved for summary judgment (Docket No. 81).

Plaintiffs contend that La Concha was negligent in the maintenance of Elevator 2 (Docket No. 91 at p. 6.[2] On this formulation, the core issue focuses on whether La Concha knew or should have known that on the day of the incident the elevator was dangerous and could cause injuries such as those plaintiffs allege to have experienced. The U.S. Magistrate Judge answered the

---

[1] Initially, they sued La Concha. They were granted leave to amend the complaint to include Otis as a defendant. For a more detailed background of the case and the claims against Otis, see Memorandum and Order at Docket No. 120.

[2] In plaintiffs' own words "[f]rom the moment of the filing of the original Complaint in this case (DN 1), it was clear that Mark and Teresita Smith's claim was based on the existence of a dangerous condition on the Hotel's premises, rather than on allegations of negligent design or productions liability;" and that their case ". . .is not a case based on negligent design or products liability, but rather one based on the dangerous condition of a faulty working elevator that was repeatedly giving problems that needed to be reported and handled and would always be put back in use, this making it foreseeable that it could have caused problems again, as was the case here" (Docket No. 91 at pp. 6-7).

question in the negative and accordingly recommended that the claims against La Concha be dismissed (Docket No. 119 at p. 7).

First, the Magistrate Judge excluded for lack of authentication some of plaintiffs' exhibits.[3] Id. at pp. 2-4). He reasoned that, although the medical and business records are admissible under the hearsay exceptions set in Fed.R.Evid. 803(4) and 803(6), the exhibits were not authenticated even after La Concha challenge them on that basis. Id. at p. 3. As such, they were inadmissible and not considered as part of the summary judgment record. Id. at pp. 3-4.

Second, the Magistrate Judge concluded plaintiffs did not prove that La Concha had actual knowledge of the elevator's dangerous condition. Id. at p. 6. While plaintiffs relied on the elevator maintenance company's statement that Elevator 2 was the source of a higher number of yearly service calls than the industry average, the Magistrate Judge expressed that no evidence was presented on whether La Concha had become aware of the statement or as to how the information would put La Concha on notice that Elevator 2 was a hazard. Id. at pp. 6-7.

Third, the Magistrate Judge found that plaintiffs failed to show that La Concha had constructive knowledge of the allegedly dangerous condition. Id. at p. 6. He observed that Mr. Smith's statement to the effect that he recalled seeing an "Out of Order" sign on each of the three elevators in the main lobby of the Hotel (although not at the same time), was insufficient to establish constructive knowledge. Id. Thus, the mere fact the elevator had been taken out of service at some point during the weekend prior to the incident, did not mean that La Concha should have known that the elevator was dangerous. Id.

---

[3] The excluded exhibits consist of some medical and business records, the Incident & Loss Report, a Statement by John Maldonado (Hotel Security Officer), and a TripAdvisor review (Docket No. 119 at pp. 2-3). TripAdvisor is a travel site that enables travelers to plan and book trips by providing reviews and opinions of travel listings worldwide to help people decide where to stay, how to fly, what to do and where to eat.

Fourth, the Magistrate Judge observed plaintiffs offered no evidence that La Concha had an unreasonable prevention policy or that it failed to implement the policy. Id. To the contrary, any time there was a problem with the elevator, La Concha: (i) took the elevator out of service and then called the elevator maintenance company; and (ii) kept the elevator out of operation until the maintenance company's technician determined that it was working. Id. Further, there was no proof that the elevator had been in a hazardous condition "for an unreasonable or excessive length of time." Id. (quoting, Pereyra-Carrasco v. United States, 2015 WL 6133024, *7 (D.P.R. October 14, 2015)(to show constructive knowledge, "a plaintiff must prove either the existence of the dangerous condition for an unreasonable or excessive length of time or, in the absence of evidence regarding time, the owner's insufficient prevention policy or failure to implement the policy")(other internal citations omitted). In that sense, evidence that the elevator was out of service at some point during the three days before the incident did not prove that the elevator had been dangerous for an excessive length of time. Id.

   **b. Plaintiffs' objections.**

Plaintiffs argue that the Magistrate Judge's conclusions are incorrect. In essence, they point out that: (i) because La Concha's motion for summary judgment questioned the sufficiency of their expert witness report to support liability, once they announced their decision to withdraw their expert, the Magistrate Judge "should have entertained no further argument on favor of the hotel's request for summary judgment and La Concha's [motion] should have been denied" (Docket No. 129 at pp. 2-3); (ii) La Concha did not argue that plaintiffs' exhibits lacked authentication, and without any such challenge, the Magistrate Judge should have considered the exhibits (id. at pp. 4-6); and (iii) there is evidence to show that La Concha had constructive knowledge of the elevator's dangerous condition and that it posed a danger to hotel guests and

staff (id. at pp. 9-14). In support, they submit four exhibits that they did not use in opposing La Concha's motion for summary judgment.[4]

Plaintiffs' decision to withdraw their expert did not make La Concha's motion for summary judgment moot.[5] La Concha's motion goes beyond exclusion of Dr. Carr's report, questioning plaintiffs' ability to meet their burden in light of the uncontested facts here (Docket No. 97 at pp. 3-10 and Docket No. 104 where plaintiffs so acknowledged).[6] In like manner, the exclusion of the unauthenticated exhibits is correct. Plaintiffs do not question this determination, instead claiming that because La Concha "did not argue" the exhibits lacked authentication, the Magistrate Judge should have considered them (Docket No. 129 at pp. 4-8). But the contention overlooks defendants' reply (where La Concha brought the matter before the Magistrate Judge), and is contrary to the well-settled norm that documents supporting or opposing summary judgment must be properly authenticated.

Finally, there is no evidence that La Concha knew or should have known that the elevator Mr. Smith rode was dangerous. The Magistrate Judge's maintenance record analysis is right on

---

[4] After issuance of the R&R, plaintiffs asserted to have "realize[d] the need for the [c]ourt to consider this proof, which was mentioned but not specifically introduced as part of Plaintiffs' opposition and sur-reply." Id. at p. 11. In this connection, they filed an excerpt of the 30(b)(6) deposition of La Concha Hotel. However – with the exception of page 36 – the pages submitted as part of Exhibit 20 were not the ones plaintiffs now submit in support of their objections. They so admitted, asking the court to consider them as part of their objections. And that is also true with respect to the other two new exhibits. Although portions of the deposition of Mr. Eduardo Rivera (Docket No. 129, Exh. 4) were submitted as part of the summary judgment record (Docket Nos. 86-3 and 92-21), the pages originally submitted are not the ones plaintiffs now refer to in support of their objections. In its discretion, the court will consider these exhibits as part of its analysis. See, Local Civil Rule 72(d) (so authorizing). Yet the exhibits do not alter the Magistrate Judge's findings.

[5] As the Magistrate Judge correctly explained, La Concha initially sought to exclude the testimony of plaintiffs' expert, Dr. Stephen Carr (Docket No. 81). Following defendants' request, however, plaintiffs withdrew doctor Carr as their expert. Therefore, the Magistrate Judge did not address La Concha's arguments regarding doctor Carr in the R&R (Docket No. 119 at p. 4 n.2).

[6] In fact, in their surreply plaintiffs responded to defendants' additional contentions in support of summary judgment and explained why, in their view, they could still show that La Concha was negligent even without their expert (Docket No. 104 at pp. 7-10).

point. And the fact that the hotel received some modernization proposals regarding the elevators does not mean that La Concha was put on notice that the elevator was a hazard.[7]

### III.  CONCLUSION

Having made an independent, *de novo*, examination of the entire record, the Magistrate Judge's findings are well supported in the record and the law. For the same reason, the court ADOPTS *in toto* the R&R, and, accordingly, GRANTS La Concha's Motion for Summary Judgment and DISMISSES the complaint. Judgment shall be entered accordingly.

**SO ORDERED.**

In San Juan, Puerto Rico, this 18th day of December, 2017.

s/Pedro A. Delgado-Hernández
PEDRO A. DELGADO-HERNÁNDEZ
United States District Judge

---

[7] The proposals recommend upgrades, including addition of one hundred pounds of weight to re-balance Elevators 1 and 2, and 600 pounds to rebalance Elevator 3 (Docket No. 129, referring to Exh. 3). The proposals do not state that La Concha was informed or required to re-balance the elevators because they were dangerous. Additionally, plaintiffs do not provide any explanation as to how the modernization and rebalance of the elevators show La Concha's actual knowledge that Elevator 2 was a hazard or whether this was required as part of the regular maintenance and update given to elevators consistent with industry standards.